UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CONROY CLAYTON COKE,
    *Plaintiff*,

v.

STEVEN L. SAMALOT,
    *Defendant.*

No. 3:20-cv-00971 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Conroy Clayton Coke ("Plaintiff") has sued Steven L. Samalot ("Defendant") to challenge a child support order allegedly issued by, and arrearages allegedly owed to, the State of Connecticut. Compl., ECF No. 1 (July 13, 2020) ("Compl."). Mr. Coke alleges that a child support order issued, and subsequently enforced, against him in state court violates his constitutional rights, including his Fourth Amendment right to protection against unlawful search and seizure. *Id.* at 2, 8. Mr. Samalot has moved to dismiss the suit for reasons including lack of personal jurisdiction; lack of subject matter jurisdiction; prosecutorial immunity and litigation privilege; and failure to state a claim. *See* Def.'s Mot. to Dismiss, ECF No. 12 (Dec. 22, 2020); Def.'s Mem. of Law in Support of Mot. to Dismiss, ECF No. 12-1 (Dec. 22, 2020) ("Mot. to Dismiss").

Rather than respond to the motion to dismiss or file an amended complaint, Mr. Coke filed a writ of *quo warranto*, which attempts to bring new causes of action, including due process and equal protection claims under the state and federal constitutions, separation of powers claims, and a private cause of action under the implementing regulations of Title IV-D, 42 U.S.C. §§ 651 *et seq*. *See* Writ of *Quo Warranto*, ECF No. 16 (Jan. 21, 2021). Defendants have

moved to strike and/or dismiss the claims in that motion. *See* Def.'s Opp'n to Writ of *Quo Warranto* and Def.'s Supp. Mot. to Dismiss Writ of *Quo Warranto* Filings, ECF No. 21 (Feb. 25, 2021); Def.'s Mem. of Law in Opp'n to Pl.'s Writ of *Quo Warranto* Filings and in Support of Supp. Mot. to Dismiss Writ of *Quo Warranto* Filings, ECF No. 21-1 (Feb. 25, 2021) ("Supp. Mot. to Dismiss").

For the following reasons, the Court **GRANTS** Defendant's motion to dismiss, and also **GRANTS** Defendant's motion to strike and/or dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

This case centers around child support and arrearages allegedly owed by Mr. Coke to the State of Connecticut. Allegedly, Support Enforcement Services ("SES"), a Connecticut state agency within the Judicial Branch that helps parents enforce and modify child support orders, has attempted to collect child support totaling over $1,000 from Mr. Coke. Compl. at 6, 14. Mr. Coke has sued to challenge the alleged order and enforcement, and he alleges that Assistant Attorney General[1] Steven L. Samalot ("Defendant") in the Connecticut Attorney General's office is responsible for supervising the collection of these child support payments. *Id.* at 1, 14. Mr. Coke does not allege any specific wrongdoing by Mr. Samalot in the alleged state

---

[1] Mr. Coke does not specifically allege that Defendant Steven L. Samalot is an Assistant Attorney General for the state of Connecticut in his Complaint. *See* Compl. According to an affidavit submitted in Defendant's Motion to Dismiss, however, Mr. Samalot handles child support petitions as an Assistant Attorney General for the state of Connecticut Department of Social Services ("DSS") and its partner agency, Support Enforcement Services ("SES"). Affidavit of Assistant Attorney General Steven Samalot Ex. 2, Mot. to Dismiss, ECF No. 12-2 at 1–2 (Dec. 22, 2020). In light of the affidavit, the Court takes judicial notice of the fact that Mr. Samalot is an Assistant Attorney General for the state of Connecticut. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (The Court may "take judicial notice of relevant matters of public record."); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." (internal citation omitted)).

proceedings regarding the alleged child support order, or in any other activity related or unrelated to his employment in the Connecticut Attorney General's office.

Rather, Mr. Coke disputes the legitimacy of the alleged child support order and brings a claim under 42 U.S.C. § 1983 challenging its alleged enforcement as a violation of his constitutional rights, including the right to protection from unlawful search and seizure under the Fourth Amendment. *See id.* at 2, 8. He claims injuries from such alleged violations, including debt and "dishonor," *see id.* at 6, and he asks this Court to dismiss and discharge his debt with prejudice, *see id.* at 8, as well as award penalties in the amount of $2,570,500, *see id.* at 8–12. Mr. Coke does not allege that he has sought review of the child support order through any other means, including through procedures available in state court under Connecticut General Statutes §§ 46b-172, 46b-231(n)-(o).

### B. Procedural History

On July 13, 2020, Mr. Coke filed a Complaint against Mr. Samalot. Compl.

On December 22, 2020, Mr. Samalot filed a motion to dismiss Mr. Coke's Complaint. *See* Mot. to Dismiss.

On January 5, 2021, Mr. Samalot filed a motion to stay discovery and the Rule 26(f) requirement pending a ruling on the motion to dismiss Mr. Coke's complaint. Mot. to Stay Discovery and Rule 26(f) Requirement Pending Ruling on Mot. to Dismiss Compl., ECF No. 14 (Jan. 5, 2021). This Court issued an order granting Mr. Samalot's motion on January 6, 2021. Order, ECF No. 15 (Jan. 6, 2021).

On January 21, 2021, Mr. Coke filed a writ of *quo warranto*. Writ of *Quo Warranto*, ECF No. 16 (Jan. 21, 2021).

On February 8, 2021, Mr. Coke filed a notice of default in dishonor and consent to judgment. Notice of Default in Dishonor and Consent to J., ECF No. 19 (Feb. 8, 2021).[2] Mr. Samalot filed a response to Mr. Coke's notice of default in dishonor and consent to judgment on February 22, 2021. Def.'s Resp. to Pl.'s Notice of Default J. in Dishonor and Consent to J., ECF No. 20 (Feb. 22, 2021).

On February 25, 2021, Mr. Samalot filed a supplemental motion to dismiss and opposition to Mr. Coke's writ of *quo warranto*. Supp. Mot. to Dismiss.

On April 23, 2021, Mr. Coke filed an opposition to the supplemental motion to dismiss and opposition to the writ of *quo warranto*. Opp'n to Supp. Mot. to Dismiss and Opp'n Addressed to Pl.'s Writ of *Quo Warranto*, ECF No. 23 (Apr. 23, 2021).

## II.     STANDARD OF REVIEW

### A.  Rule 12(b)(1)

" A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*,

---

[2] To the extent that Mr. Samalot's notice of default in dishonor and consent to judgment can be interpreted as a motion for default judgment, *see* Def.'s Response to Pl.'s Notice of Default J. in Dishonor and Consent to J. at 3, ECF No. 20 (Feb. 22, 2021), that motion also is denied, as Mr. Coke has failed to file for or obtain an entry of default under Rule 55(a) by showing that the defaulting party "has failed to plead or defend." Fed. R. Civ. P. 55(a); *see also Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (providing two-step process for obtaining a default judgment).

461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "A defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.*" In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). The plaintiff therefore must make a prima facie showing that jurisdiction exists. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)

"The prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id.* (internal quotation marks omitted); *see also Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 3:09-cv-956 (WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) ("At this stage of the

proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff." (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)), *aff'd*, 438 F. App'x 27 (2d Cir. 2011)). A court considers the facts as they existed when the plaintiff filed the complaint. *See Glenwood Sys., LL*, 2010 WL 11527383, at *2 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

### C. Rule 12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) due to insufficient service of process "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules [of Civil Procedure], which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007); *see* Fed. R. Civ. P. 12(b)(5). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### D. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

Mr. Samalot argues that this suit should be dismissed for lack of jurisdiction, including lack of personal jurisdiction due to failure to serve and lack of subject matter jurisdiction. *See* Mot. to Dismiss. Mr. Samalot further argues that, even if this Court does have jurisdiction, Mr. Coke's Complaint should be dismissed because his claims are barred by prosecutorial immunity and litigation privilege. *Id.* Finally, Mr. Samalot argues that, even if the Court has jurisdiction, and no immunities or privileges bar the suit, the Complaint fails to state a claim upon which relief can be granted. *Id.*

The Court will address the question of jurisdiction and then, if necessary, Mr. Samalot's subsequent arguments on the merits.

#### A. Jurisdiction

##### 1. Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion to dismiss due to "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). Once a defendant challenges the validity of service, "it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

In analyzing a Rule 12(b)(5) motion, the Court examines the service requirements under the Federal Rules of Civil Procedure. *El Ex-Relatione Daws v. Whitehead*, No. 18-CV-02033 (CSH), 2019 WL 5394578, at *4 (D. Conn. Oct. 22, 2019). Service may be effectuated by

"delivering a copy of the summons and of the complaint to the individual personally"; leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode"; or delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Service may also be proper if executed in accordance with state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

Connecticut General Statute § 52-57(a) provides that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. § 52-57(a). In civil actions against municipal employees, Connecticut law allows for service of process "upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the employee." Conn. Gen. Stat. § 52-57(b)(7). In civil actions against state employees, Connecticut law allows for service of process through the Attorney General in Hartford, Connecticut. Conn. Gen. Stat. § 52-64(a).

Mr. Samalot argues that he has personally appeared in this action and still has not received a Summons or Complaint. *See* Mot. to Dismiss at 4–7; *see also* Affidavit of Assistant Attorney General Steven Samalot Ex. 2, Mot. to Dismiss, ECF No. 12-2 (Dec. 22, 2020) ("Affidavit"). Because of the insufficient process, Mr. Samalot contends that the Court lacks personal jurisdiction over him and any claims against him must be dismissed. *See* Mot. to Dismiss at 4–7.

The Court agrees.

9

Here, counsel has entered an appearance for Mr. Samalot, and Mr. Samalot alleges that, to date, he has never received a Summons or Complaint. *See* Mot. to Dismiss at 4–7; *see also* Affidavit. Before filing this lawsuit, Mr. Coke did mail documents to Mr. Samalot including a "Notice of Counter Offer, Counter Demand of Debt Settlement", "Surety Bond", "Affidavit for Counter Offer, Demand and Settlement", and "Fee Schedule for Conroy Clayton Coke." *See* Certificate of Service, ECF No. 7 (Oct. 19, 2020) (certificate of service dated March 18, 2020). These documents are not a complaint or summons, even if they were attached to the Complaint filed by Mr. Coke on July 13, 2020, *see* Compl. at 6–16. As a result, this Court issued a notice to Mr. Coke on July 16, 2020 that he was responsible for serving all parties with documents including the Complaint. *See* Notice to Counsel/Self-Represented Parties, ECF No. 5 (July 16, 2020). Mr. Coke has provided no evidence of service of his Complaint to date.[3] Mr. Coke therefore has not served Mr. Samalot in accordance with Rule 4(e), Connecticut General Statute § 52-57(a)-(b), or Connecticut General Statute § 52-64(a), nor has he proved that any other service was adequate.

Accordingly, Mr. Coke's claims against Mr. Samalot will be dismissed for lack of personal jurisdiction.

### 2. Subject Matter Jurisdiction

The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has waived this immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) ("The Eleventh Amendment

---

[3] Mr. Coke did file a Certificate of Service in response to the Court's order. Certificate of Service, ECF No. 8 (Oct. 21, 2020). This filing, however, does not certify service of the Complaint; rather it confirms submission of an "Order on Pretrial Deadlines"; "Electronic Filing Order for Counsel"; "Standing Protective Order"; and "Notice to Counsel/Self-Represented Parties." *Id.*

bars the award of money damages against state officials in their official capacities."). Section 1983 does not abrogate state sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979); *Sargent v. Emons*, 582 F. App'x. 51, 52 (2d Cir. 2014) (summary order) ("[I]t is well established that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983). Mr. Samalot argues that claims brought against him in his official capacity under Section 1983 should be dismissed under the Eleventh Amendment. Mot. to Dismiss at 7–9.

The Court agrees.

Mr. Coke has not alleged that the State has waived immunity, nor has he requested permissible relief in the form of an injunction to address an ongoing violation of law. *See In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." (internal quotation marks omitted)); *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation marks omitted)).

Mr. Coke does not ask this Court to enjoin future child support orders or any subsequent enforcement of any current orders because of the alleged constitutional violation. Rather, he asks this Court to dismiss and discharge his debt with prejudice, *see* Compl. at 8, as well as award penalties in the amount of $2,570,500, *see id.* at 8–12. This relief is retrospective, and, therefore,

Mr. Coke's Section 1983 claims against Mr. Samalot in his official capacity[4] are barred by the Eleventh Amendment.

Accordingly, Mr. Coke's claims against Mr. Samalot in his official capacity also will be dismissed for lack of subject matter jurisdiction.[5]

### B. Immunity

Even if the Court had jurisdiction in this matter, Mr. Coke's claims against Mr. Samalot would be barred by prosecutorial immunity. A prosecutor is protected by absolute immunity "for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994); *see also Barrett v. United States*, 798 F.2d 565, 570–73 (2d Cir. 1986) ("[A]s Assistant Attorney General . . . representing [the] state as its attorney" in state court, "[t]he fact that [the Assistant Attorney General] may or may not have engaged in questionable or harmful conduct during the course of his representation of the State in th[e] litigation [at issue] is irrelevant. The immunity attaches to his function, not to the manner in which he performed it."). Mr. Samalot argues that, to the extent the Court has jurisdiction over any of Mr. Coke's claims, Mr. Samalot has immunity as the attorney who handled the support petition for the state establishing child support.

The Court agrees.

---

[4] Mr. Coke does not explicitly state in his Complaint whether he is suing Mr. Samalot in his individual or official capacity; however, it appears to sue Assistant Attorney General "in his official capacity . . . where it is addressed to him 'd/b/a Attorney General-Collections/Child Support.'" *See* Mot. to Dismiss at 5 (citing Compl. at 14); Supp. Mot. to Dismiss at 5. The Court agrees, and further finds evidence that the suit is brought only in an official, rather than individual, capacity, since the Complaint lacks any particularized allegations as to the conduct of Mr. Samalot.

[5] To the extent that Mr. Coke's Complaint can be construed as asking this Court to review the legality of the alleged child support order and its alleged enforcement under state laws and regulations, the Court also declines to exercise jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than . . . a federal court instruct[ing] state officials on how to conform their conduct to state law.").

As an Assistant Attorney General, Mr. Samalot has immunity while serving in his function as an advocate for the state. *See Barrett*, 798 F.2d at 570–73. In the Complaint, Mr. Coke describes Mr. Samalot as "d/b/a [doing business as] Attorney General-Collection/Child Support," Compl. at 14, and does not plead any facts suggesting that, at any of the relevant times in the Complaint, Mr. Samalot was performing any function other than advocating for the state in a child support proceeding, or a proceeding to enforce a child support order, in state court. *Cf. Burns v. Reed*, 500 U.S. 478, 495–96 (1991) ("[A] purely investigative activity[] could be said to be in some way related to the ultimate decision whether to prosecute, but we have never indicated that absolute immunity is that expansive. Rather . . . we inquire whether the prosecutor's actions are closely associated with the judicial process." (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). Therefore, Mr. Samalot is entitled to prosecutorial immunity for his involvement in the challenged child support proceedings in state court.[6]

Accordingly, even if the Court has personal or subject matter jurisdiction over this matter, Mr. Coke's claims against Mr. Samalot should be dismissed on the grounds of prosecutorial immunity.

### C. Failure to State Claim

Finally, Mr. Samalot argues in his motion to dismiss that Mr. Coke has not stated a cause of action for which relief can be granted because his "claims appear to be premised on his being a 'sovereign citizen.'" Mot. to Dismiss at 15 (citing Compl. at 13). The Court has determined that it does not have subject matter jurisdiction to review Plaintiff's claims or personal

---

[6] Mr. Samalot also argues that he is entitled to "absolute litigation privilege." Mot. to Dismiss at 12–13. Given the lack of allegations by Mr. Coke that Mr. Samalot engaged in "preliminary meetings, conduct [or] activities [that] are directed toward the achievement of the objects of the litigation," *Hopkins v. O'Connor*, 282 Conn. 821, 832 (2007), the Court declines to address this argument.

13

jurisdiction over Defendant, and, further, even if it did, Plaintiff's claims are barred under the doctrine of prosecutorial immunity.

Accordingly, the Court does not address this argument.

### D. Leave to Amend

Mr. Coke has not moved for leave to amend his Complaint, and, instead, has filed a writ of *quo warranto* in response to Defendant's motion to dismiss.

A writ of *quo warranto* is a state law action under Connecticut General Statutes § 52-491, which, if successful, "unseats an illegal office holder[.]'" *New Haven Firebird Soc. v. Bd. of Fire Comm'rs of City of New Haven*, 219 Conn. 432, 436 (1991). Mr. Coke, however, has not alleged any facts to suggest that Mr. Samalot improperly holds the office of Assistant Attorney General. *Cf. Bateson v. Weddle*, 306 Conn. 1, 3, 11 (2012) ("The purpose of [the writ of *quo warranto*] is to test the actual right to the office and not merely a use under color of right." (internal quotation marks and citation omitted)). Therefore, the Court considers whether the writ of *quo warranto* should be interpreted as an amended complaint, *see Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." (internal citation omitted)), or otherwise grant Mr. Coke leave to amend his Complaint.

As a general matter, "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint." *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). And, for *pro se* litigants in particular, the Second Circuit has endorsed "relaxation of the limitations on the amendment of pleadings[.]" *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980) ("A *pro*

*se* plaintiff . . . should be afforded an opportunity fairly freely to amend his complaint.")); *see also Grullon v. City of New Haven,* 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks, alterations, and citation omitted)).

But where there is no indication that pleading additional facts would resuscitate a claim that has been dismissed, the Court need not grant leave to amend. *See Grullon*, 720 F.3d at 140 ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint 'liberally read' suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe . . . . The problem with [this pro se plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied." (citations, internal quotation marks, and alterations omitted)).

It would be futile to grant Mr. Coke leave to amend his Complaint, even with the allegations in the writ of *quo warranto*. Any claims under § 1983 for damages or other retrospective relief against Mr. Samalot in his official capacity are barred by the Eleventh Amendment, and, to the extent that Mr. Coke could amend the pleadings to sue Mr. Samalot in his individual capacity, those claims are barred by prosecutorial immunity. Further, even if Mr. Coke amended his Complaint to release Mr. Samalot from the suit and instead sought to

challenge the child support order directly, or enjoin its future enforcement, the Court would lack jurisdiction under the *Rooker-Feldman* doctrine, which removes federal district court subject matter jurisdiction over suits "that are, in substance, appeals from state-court judgments[.]" *Edwards v. McMillen Capital, LLC*, 952 F.3d 32, 35 (2d Cir. 2020) (quoting *Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018)); *see also Remy v. NYS Dep't of Tax'n & Fin.*, No. 09-CV-4444, 2010 WL 3926919, at *3 (E.D.N.Y. Sept. 29, 2010) (dismissing claims that "the state court decision[ ] upholding the [child support] judgment violated [the plaintiff's] constitutional rights[,]" as allowing such claims to go forward "would obliterate the *Rooker-Feldman* doctrine"), *aff'd sub nom. Remy v. New York State Dep't of Tax'n & Fin.*, 507 F. App'x 16 (2d Cir. 2013).[7]

Accordingly, the Court denies Mr. Coke leave to amend his complaint.[8]

### IV. CONCLUSION

For the foregoing reasons, Mr. Samalot's motion to dismiss is **GRANTED**, and his motion to strike and/or dismiss is **GRANTED**.

---

[7] Mr. Coke's current Complaint, which challenges conduct by Mr. Samalot in the state child support proceeding, rather than state child support order itself, also is likely barred by *Rooker-Feldman*. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) (2d Cir. 2005) ("Can a federal plaintiff avoid *Rooker–Feldman* simply by clever pleading—by alleging that actions taken pursuant to a court order violate his rights without ever challenging the court order itself? Surely not. [. . .] [I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments."). Given the lack of jurisdiction on other grounds, the Court need not and does not address this additional potential deficiency in the Complaint in this Ruling and Order.

[8] In the absence of any viable federal law claims in the Complaint, the writ of *quo warranto*, or other potential amended pleadings in this matter, the Court also declines to exercise supplemental jurisdiction over any remaining state law claims, including allegations of violation of the due process and equal protection provisions of the state constitution in the writ of *quo warranto*. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims.").

All claims are dismissed with prejudice except any alleged state-law claims, which are dismissed without prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of September, 2021.

                                                            /s/ Victor A. Bolden  
                                                         Victor A. Bolden  
                                                         United States District Judge